United States District Court
Southern District of Texas
**ENTERED**
April 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEJANDRO ISIDORO RODRIGUEZ, § <br> (TDCJ # 01795041) § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> ERIC GUERRERO, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-25-684 |

**MEMORANDUM OPINION AND ORDER**

Alejandro Isidoro Rodriguez, (TDCJ # 01795041), is an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division. Representing himself, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2012 state-court conviction for aggravated sexual assault. (Docket Entry No. 3). Rodriguez filed the habeas petition in the Northern District of Texas, which transferred it to this court. (Docket Entry Nos. 7, 8). An initial review of Rodriguez's petition showed that he had not signed it or otherwise attested to its accuracy and truthfulness, as required by both the approved form for federal habeas corpus petitions and Federal Rule of Civil Procedure 11(a). (Docket Entry No. 3, pp. 15-16).

On February 18, 2025, the court ordered Rodriguez to correct this deficiency in his petition. (Docket Entry No. 11). The court provided Rodriguez with a copy of his original petition, explained that Rule 11(a) required him to sign his petition, and ordered him to file a signed copy of his petition by March 18, 2025. (*Id.*). The court warned Rodriguez that failing to comply as ordered could result in the dismissal of his petition without further notice under Federal Rule of Civil Procedure 41(b). (*Id.*).

As of the date of this order, Rodriguez has not responded to the court's order. His time to do so has now expired. Rodriguez's failure to respond forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

Rodriguez may seek relief from this order under Federal Rule of Civil Procedure 60(b) if he can show good cause for failing to comply with the court's February 18 order. Any motion under Rule 60(b) must be accompanied by a signed copy of Rodriguez's petition.

Rodriguez's petition, (Docket Entry No. 3), is dismissed without prejudice for want of prosecution. All pending motions are denied as moot.

SIGNED on April 16, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge